UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| JAFFAR ABO-SALIMAH | PLAINTIFF |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | INTERVENING PLAINTIFF |
| v. | CIVIL ACTION NO. 3:06CV-108-S |
| AEC., INC. | DEFENDANT AND THIRD-PARTY PLAINTIFF |
| v. | |
| PLASTECH ENGINEERED PRODUCTS, INC. | THIRD-PARTY DEFENDANT |

**MEMORANDUM OPINION**

The litigation schedule in this case has been somewhat compromised by a lack of clarity regarding whether or not the plaintiff wishes to proceed in this litigation *pro se*.

At the end of September, 2006, the magistrate judge entered two orders. First, he permitted the plaintiff's then-counsel, Mat A. Slechter, to withdraw. Second, the plaintiff was ordered to obtain other counsel and have such counsel file a notice of representation in the record, or, in the alternative, the plaintiff was ordered to notify the court in writing that he intends to proceed *pro se*, without an attorney. The plaintiff's obligations were ordered to be done within a thirty-day time period from the end of September, 2006.

A short time later, the plaintiff apparently sent to the court a hand-written statement on a piece of notebook paper, stating that he intended to proceed with the lawsuit and was trying to find counsel to take the case.

In the interim, there have been no other developments with respect to the counsel-related issue. Thus, the plaintiff has neither obtained successor counsel nor has he clearly advised the court that he intends to represent himself.

The plaintiff's letter to the court was not certified or mailed to the other parties through their attorneys, as is required. Accordingly, the court has sustained the motion of defendant, AEC, Inc., to strike any further pleadings, documents, requests, motions, or other filings by the plaintiff which have not been served upon adverse counsel.

Also, in the interim, there has been some confusion with respect to the obligations of the defendants to make expert witness disclosures and to inspect the machine said to be in issue. The plaintiff was obliged to disclose expert witness opinions by September 1, 2006. No expert opinion was disclosed. The defendants were obliged to make a reciprocal disclosure by November 1, 2006. They have asked to be relieved of this obligation because the plaintiff has not made the disclosures required.

Since, as in any civil case, the plaintiff has the burden of proof, there is no necessity for the defendants to make expert opinion disclosures unless or until such disclosures are made by the plaintiff. Accordingly, the defendants will be relieved of that obligation until further order of the court.

By the same token, there is no necessity for the parties to continue to incur expenses with respect to the inspections unless or until it is clear that this case is in a position to move forward.

At this time, the plaintiff is in default in several respects. First, he has not made the expert opinion disclosures required by previous orders. Second, the plaintiff has failed to have successor counsel appear on his behalf in this case, nor has the plaintiff advised the court that he intends to

- 3 -

proceed *pro se*. Despite the plaintiff's earlier *ex parte* communication with the court, filed on October 4, 2006, the plaintiff has not obtained substitute counsel and has not advised the court that he intends to act as his own attorney.

Consequently, the court will order that the plaintiff either have successor counsel make an appearance in this case within twenty-one (21) days of the date of this order, or the plaintiff shall advise the court that he intends to proceed in this matter *pro se*, as his own attorney, which the court does not recommend. Failing compliance with this order, the plaintiff will take notice that this action will be dismissed without prejudice for lack of prosecution. A separate order will be entered in accordance herewith.

Dated:

cc: Counsel of Record
 Plaintiff, Jaffar Abo-Salimah